WARREN H. SCHUMANN and MARIA T. SCHUMANN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schumann v. Commissioner
Docket No. 26661-81.
United States Tax Court
T.C. Memo 1983-35; 1983 Tax Ct. Memo LEXIS 753; 45 T.C.M. (CCH) 550; T.C.M. (RIA) 83035; January 18, 1983. Julian N. Stern, for the petitioners. Rebecca T. Hill, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: On September 14, 1982, respondent filed a motion for partial summary judgment in the above-entitled case. In this motion, respondent stated that the legal issue as to whether petitioners in 1977 made a disqualifying disposition of their stock in Kaiser Corporation was decided adverse to them in Kast v. Commissioner,78 T.C. 1154 (1982). [1]
*757 The Kast case was a cnsolidated case. Petitioners in the instant case were among those taxpayers whose cases were consolidated in Kast. The operative fact situation in Kast was as follows: Each taxpayer had been an employee of Kaiser Industries Corporation. The corporation had adopted a qualified stock option plan. In 1976, each of the taxpayer-employees exercised his option to purchase stock of the corporation, such options having previously been granted to him under the stock option plan. The option price was $7 per share; at the time the options were exercised in 1976, the stock had a fair market value of $13.25 per share. In 1977, the corporation adopted a plan of liquidation and, pursuant to such liquidation plan, each taxpayer as a shareholder received a distribution of $15.30 per share and further distributions in 1978, 1979 and 1980. Each of the taxpayers had voted against the plan of liquidation of the corporation.
The statutory rules governing qualified stock option plans are found in sections 421 through 425. [2]Section 421(a)(1) generally provides that no income *758 shall result to an individual with respect to shares transferred to him upon his exercise of his option. Section 422(a)(1), however, states generally that section 421(a)(1) shall be applicable only if no disposition of the shares is made by him within the 3-year period beginning on the day after the transfer of the shares. The term "disposition" is generally defined by section 425(c)(1) to include a sale, exchange, gift, or a transfer of legal title; but such definition does not include (1) a transfer by bequest or inheritance, (2) an exchange to which section 354, 355, 356 or 1036 applies, or (3) a mere pledge or hypothecation. Section 422(c)(5) further provides a special rule that any transfer of shares by an insolvent individual to a trustee, receiver or similar fiduciary, in any proceeding under the Bankruptcy Act or any other like insolvency proceeding, shall not be considered a disposition of such shares for purposes of section 422(a)(1). Where a "disposition" occurs, the individual is treated as having received the income attributable to the transfer of the shares to him by his exercise of the option in the year of the disposition. Section 421(b). The amount of such income *759 attributable to the transfer is the lesser of (1) the amount realized or (2) the difference between the option price and the fair market value of the shares on the date acquired. Further, such income as compensation will be taxed to the individual as ordinary income rather than as capital gain. See generally, section 422(c)(4) and sections 1.422-1(b)(1), 1.421-8(b)(1) and 1.421-6(d), Income Tax Regs.
The taxpayers in Kast moved for summary judgment on the basis that (1) no disposition of the shares had occurred in 1977 or (2) even if a disposition of the stock was deemed to have taken place in 1977, such disposition was not a "disqualifying disposition" within the meaning of section 421(b). In contending that no disposition had occurred, the taxpayers argued that no sale or exchange of their shares had been made in 1977 even though each had received a liquidating distribution with respect to their shares in such year, since their shares still remained outstanding and, even as of 1980, shares of the corporation were traded *760 on the American Stock Exchange. We rejected this first contention and found that an exchange had occurred, since under section 331(a)(2) amounts distributed in partial liquidation of a corporation are treated as in part or full payment in exchange for the stock. Accordingly, since section 425(c)(1) defines the term "disposition" to include an exchange, we concluded that each of the taxpayers had made a "disposition" within the meaning of sections 421(b), 422(a) and 425(c) in 1977. Kast v. Commissioner,supra at 1161-1163. The second ground upon which petitioners moved for summary judgment rested solely on the decision in Brown v. United States,427 F.2d 57 (9th Cir. 1970), revg. 292 F.Supp. 527 (D.Ore. 1968). In Brown, the Ninth Circuit Court of Appeals construed a disqualifying disposition to be limited to dispositions of a voluntary nature and, since it considered the record to show that Mr. Brown in his capacity as a shareholder had not voted for the liquidation, found that no disqualifying disposition had taken place. The Ninth Circuit reasoned that to hold otherwise would frustrate the legislative purpose underlying *761 enactment of the qualified stock option provisions.These provisions, the court stated, were designed to give tax benefits to key corporate executives for the purpose of increasing corporate productivity and thus stimulating the nation's economy. A construction of the statute which would prescribe unfavorable tax consequences to corporate executives in involuntary situations, it reasoned further, would create possible disincentives discouraging the executive from acting in the best interests of the corporation. Therefore, the Ninth Circuit concluded that some affirmative, voluntary act of the taxpayer is required to constitute a disqualifying disposition. Brown v. Commissioner,supra at 60-61. In the Kast case, we stated that upon examining the statute and its legislative history, we could not agree with the holding of the Ninth Circuit that a disqualifying disposition is limited to those of a voluntary nature. We stated that it was our view that any exceptions should be confined to those specifically provided for in the statute and not enlarged upon by a distinction nowhere appearing in the statute or the legislative history. Kast v. Commissioner,supra at 1170. *762 However, because it is the rule of this Court to follow the interpretation of the law by a Circuit Court of Appeals in cases where appeal would lie to such court, we granted the motion for summary judgment as to the cases in which appeal would lie to the Ninth Circuit. See Golsen v. Commissioner,54 T.C. 742 (1970), affd. on other grounds 445 F.2d 985 (10th Cir. 1971). Accordingly, we denied such motion with respect to the Schumann case since appeal of that case would not lie to the Ninth Circuit. [3]
At the oral argument on respondent's motion for partial summary judgment, petitioners contended, first, that the Kast case was incorrectly decided with respect to petitioners in the instant case, and, secondly, that since section 331(a) was amended to delete subparagraph (a)(2), the provision that a distribution in partial liquidation of a corporation should be treated as in part or full *763 payment in exchange for the stock, by Pub. L. 97-248, section 222(a), 96 Stat. 324,477, we should conclude that no disposition was made by petitioners of their stock in 1977 upon receipt of sums in a partial liquidation of Kaiser Corporation. The issue decided in the Kast case was fully considered and, for the reasons stated therein, we hold that petitioners did make a disqualifying disposition of their Kaiser Corporation stock within the meaning of section 421(b) in 1977. In our view, the amendment of section 331(a) to delete subparagraph (a)(2), the provision that "amounts distributed in partial liquidation of a corporation (as defined in section 346) shall be treated as in part or full payment in exchange for the stock," has no effect on our holding in the Kast case. Section 222(f) of Pub. L. 97-248 provides that the amendment to section 331(a) is applicable generally to distributions after August 31, 1982. It further provides certain exceptions, none of which are relevant here and all of which deal with liquidations planned in 1982 or, in certain instances, within a period *764 beginning on July 12, 1981. Clearly, no retroactive effect to the year 1977 was intended by the amendment of section 331(a) to delete the provision previously contained in section 331(a)(2) with respect to partial liquidations. In our view, we decided the issue here involved in favor of respondent in Kast v. Commissioner,supra. For that reason, respondent's motion for partial summary judgment will be granted. An appropriate order will be entered.
Footnotes
1. The parties agree that this is the sole legal issue in this case. The only other issue in the case is a factual one of whether petitioners are liable for the addition to tax under sec. 6651(a), I.R.C. 1954. Respondent does not contend that either collateral estoppel or res judicata applies but relies on the correctness of the decision in Kast↩ as to petitioners in this case.
2. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩
3. Petitioners at the time their petition in this case was filed resided in Sao Paulo, Brazil. Therefore, review of this Court's decision, absent agreement to the contrary, would be by the Court of Appeals for the District of Columbia.Section 7482(b)(1).↩